UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RODGER E. BROADWAY, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:20-CV-316-TAV-DCP ) |
| KEVIN MYERS, | ) ) ) |
| Respondent. | ) |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Rodger Broadway has filed a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, in which he seeks to challenge the legality of his confinement under 2003 Knox County judgments for first-degree felony murder, especially aggravated robbery, and aggravated rape [Doc. 1].

However, Petitioner has already filed an unsuccessful § 2254 petition challenging these same judgments in this District that the Court dismissed as time barred. *See Broadway v. Genovese*, No. 3:19-CV-353-TRM-DCP (E.D. Tenn. June 8, 2020). The Antiterrorism and Effective Death Penalty Act requires that an applicant seeking to file a second or successive petition first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court finds that the § 2254 petition filed in this case is a second or successive petition subject to § 2244(b)(3), and the Court has not received an order from the Sixth Circuit authorizing this Court to consider the pending petition.

Rather than dismissing a habeas petition on the basis that it is successive, a district court must transfer the file to the court of appeals, which will construe the petition as a request for authorization under § 2244(b)(3). *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore, the Clerk is **DIRECTED** to transfer this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d at 47, and to close this Court's file.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE